## FERRIS v. FERRIS et al.

(Supreme Court, Special Term, New York County. November, 1894.)

1. WILLS—CONSTRUCTION—NATURE OF ESTATE.

A will provided as follows: "I give and bequeath to my daughters, C. and S., an equal interest in my house and lot, 108 East Twelfth street, if I sell the same, the avails to be theirs, by equal division, in the following way: The income to be theirs until marriage or decease. When one shall marry or die, the survivor to have the whole income. When both are married or deceased, then the principal to be divided equally among my grandchildren then living." *Held*, that the daughters took an estate for their lives, or until marriage, and on the marriage or death of both, the grandchildren of testator then in being become entitled.

2. SAME—POWERS OF EXECUTORS.

The words, "If I do not sell, I authorize my executors to sell at once if they deem best," occurring in the will after the clause disposing of certain land or its proceeds, confer on the executors a discretionary power of sale.

Action by Letitia S. Ferris against John M. Ferris and others for the construction of a clause in the last will and testament of Isaac Ferris.

F. J. Mather, for plaintiff.

John B. Whiting, for adult defendants.

Harold M. Smith, guardian ad litem for infant defendants.

Hanson C. Gibson, guardian ad litem for infant defendants.

INGRAHAM, J. This action is brought to construe the third clause of the last will and testament of Isaac Ferris. That clause is as follows:

"I give and bequeath to my daughters, Charlotte and Sarah, an equal interest in my house and lot, 108 East Twelfth street, if I sell the same, the avails to be theirs, by equal division, in the following way: The income to be theirs until marriage or decease. When one shall marry or die, the survivor to have the whole income. When both are married or deceased, then the principal to be divided equally among my grandchildren then living. (If I do not sell, I authorize my executors to sell at once if they deem best.)"

The intention of the testator is clear. His daughters, Charlotte and Sarah, were to have the use or rents of the house during their lives, and so long as they remained unmarried. Upon the death or marriage of either, the survivor or unmarried daughter was to have the sole use or rents of the house. Upon the marriage or death of both daughters, the house was to vest in the testator's grandchildren then (that is, on the death or marriage of the surviving unmarried daughter) living. In case of the sale of the house, either by the testator during his life, or by his executor after his death, the proceeds to take the place of the house, and the income realized therefrom was to go to the daughters, and, upon their death or marriage, to the grandchildren. The will was drafted by one not familiar with the terms commonly used in instruments of this character,—presumably, by the testator himself,—and the distinction between a devise of a house and lot, if it should remain unsold, and of the proceeds of a sale, is not clearly expressed; but there is noth-

ing to show that there was an intention to make a different disposition of the house from that made of the proceeds, and an examination of the whole will makes it clear that the testator intended to dispose of his whole estate. The absence of a residuary clause shows that he thought he had accomplished that result. The object that is always clearly before the court, in the construction of wills, is to give effect to the testator's intention; and, when the intention is clear, omissions will be supplied to accomplish that result. This intention is here clearly expressed, and I think the clause in question should have the construction above intended.

I also think the executors have a power of sale which was not limited by the words, "at once if they deem best." It is a little difficult to ascertain what the testator intended by the use of these words. The absence of any attempt at punctuation in the clause in question prevents there being any effect given to the absence of a stop after the words "to sell"; and the provision for the substitution of the proceeds in place of the house, in case the testator sold it during his life, shows that he had in mind the necessity that might arise in the future of the sale of the property in consequence of the location of the house, and the constant encroachment of business in the locality, and it was to meet such a necessity that the power of sale was given. The remainder over, being a contingent remainder, would prevent a sale, unless such a power was given by the will, and there could be no object in limiting the power so that it could only be exercised immediately upon the death of the testator. The intention evidently was to avoid a construction that would prevent the executors from exercising the power of sale immediately after his death, and during the continuance of the life estate.

I think, therefore, that the daughters took an estate in the premises, limited upon their lives, and upon their remaining unmarried, which, upon the marriage or death of both, was to vest in fee in the grandchildren of the testator in being at the termination of the life estate, share and share alike; the executors to have a discretionary power of sale; and upon the execution of the power the proceeds of the sale to stand in place of the house, and upon the termination of the life estate to be distributed among the grandchildren. Judgment is directed, construing the will accordingly.